## SUPREME COURT OF PENNSYLVANIA.

### HOWARD vs. NICHOLS.

*Indorser of a judgment note, not liable on indorsement, nor for money had and received.*

1. An action can not be maintained against the indorser of a judgment note upon his indorsement.

2. A recovery cannot be had in such an action upon a common count for money had and received.

Error to the Common Pleas of Luzerne County.

In December, 1874, the plaintiff took from the defendant in exchange for horses the following note:

$160.00.        CLARK'S GREEN, PA., Nov. 2, 1874.

Four months after date, for value received, I promise to pay A. A. Nichols, or bearer, the sum of one hundred sixty dollars, with interest without defalcation or stay of execution; and I do hereby confess judgment for the said sum, with interest, costs of suit, and release of all errors, waiving inquisition, and confessing condemnation on real estate. And I do further waive all rights under all exemption laws of this Commonwealth, and agree that the said sum be levied by attachment upon wages or otherwise.        GEORGE SMITH.

Indorsed: A. A NICHOLS.

At the time of the trade the plaintiff refused to take the note unless the defendant would secure him in some

way. The defendant then offered to and did indorse the note and the exchange or bargain was made.

On the day when the note became due the plaintiff made search for the maker, but failed to find him. And the same day he gave notice of the non-payment to the defendant as endorser, and demanded payment of him, which was refused. A suit in assumpsit was brought against the defendant upon his indorsement of the note and the following statement was filed:

LUZERNE COUNTY, ss.:

The plaintiff's claim is on the assumption of the defendant, A. A. Nichols, to pay the said plaintiff the sum of one hundred and sixty dollars, with interest from the second day of November, 1874. The said defendant then being indebted to the said plaintiff for the like sum of one hundred and sixty dollars, before that time paid, laid out and expended to the use of the defendant, by the said plaintiff, at the special instance and request of the said defendant, as well as for the like sum had and received by the defendant to the use of the plaintiff, one hundred and sixty dollars. Interest from the second day of November, A. D., 1874.

The defendant plead non-assumpsit, payment with leave, and filed an affidavit of defense in which he admitted the facts to be substantially such as are claimed by the plaintiff, but laid other grounds of defense. The Court below, Handley, J., upon the trial, after the jury were sworn and plaintiff's counsel had opened the case, said there was not a cause of action upon the indorsement of a judgment note and directed the jury to find for the defendant.

he plaintiff took a writ of error and assigned as error the direction of the Court to the jury to find for defendant upon the pleadings in the case.

S. B. PRICE for plaintiff in error.

The indorser of a note, though not negotiable, may be considered and treated as the drawee of a true bill and made liable as such for the amount of the note.

Leidy vs. Tammany, 9 Walls, 353.
Brenzer vs. Whitman, 7 W. and S., 264.
Patterson vs. Todd and Lemon, 6 H, 426.

The paper was treated as negotiable by the parties; the plaintiff complied with the rules regarding the relations between indorser and indorsee; the action was therefore properly brought and should have been sustained.

Draper et al vs. Sharp, 1 Crum., 478.

Raymond vs. Middleton & Co., 5 Casey, 329.

A recovery in such an action may be had upon a common count for money had and received.

Dilworth vs. Hunt, 1 Phila., 222.

Leidy vs. Tammany, 9 Walls, 353.

No paper book for the defendant in error.

March 31, 1879:   PER CURIAM.

Judgment affirmed.

*

## NOTES OF RECENT DECISIONS IN SUPREME COURT, P.A.

In an action against a passenger railway company for negligently running over and causing the death of the plaintiff's husband while crossing their track at a public crossing, evidence that the car was being driven at a rate of speed more than ordinary, and that the driver did not see the deceased or know of the running over until the car had entirely passed over the body of the deceased, is sufficient evidence of negligence to take the case to the jury.— *West Philadelphia P. R. W. Co. vs. Mulhair.*

At fourteen years of age a minor is presumed to have sufficient capacity and understanding to be sensible of danger, and to have the power to avoid it, and this presumption will prevail until it is overthrown by clear proof of the absence of such discretion and intelligence as is usual with infants of that age.

While the law fixes no arbitrary period when the im-

munity of childhood ceases for all purposes, it is a question for the Court, and not for the jury to say at what age an infant's responsibility for negligence, in any given case, must be presumed to commence.

A., son of the plaintiff, a boy fourteen years and two months old, was killed by a locomotive of the defendant, under such circumstances that it was admitted that, if he had been an adult, the defendant would not have been responsible for his death, for the reason that it was the result of his own rashness in attempting to cross defendant's track immediately in front of the locomotive. No evidence was offered to show that A. was of such feeble mind as to be unable to understand the danger or avoid it. Upon this state of facts the Court below entered judgment of compulsory non-suit:

*Held* (affirming the judgment of the Court below, AGNEW, C J., and GORDON, J., dissenting), that the law presumes that at fourteen years of age an infant has sufficient capacity and understanding to be sensible of danger and to have the power to avoid it; and this presumption can only be rebutted by proof of the absence of such discretion and intelligence as is usual with infants of fourteen years of age.

*Held, further*, that there being, in this case, no such proof to rebut the presumption, and the essential facts not being in dispute, the non-suit was properly entered.—*Nagle vs. Allegheny Valley R. R. Co.*

IN order to sustain the charge of embezzlement, the party charged with guilt must have been in the regular employment of the prosecutor, and it must have been by virtue of such employment that the money or property appropriated came to his hands. A casual employment is not sufficient.—*State vs. Johnson, Sup. Ct., Tenn.*